UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

---------------------------------------------------------x
JONATHAN A. PEARSON,                   :   CASE NO.:
                                       :
            Plaintiff,                 :   JUDGE:
                                       :
vs.                                    :   MAGISTRATE:
                                       :
SHARK REEF RESORT LLC                  :   COMPLAINT
                                       :
                                       :   JURY TRIAL DEMANDED
            Defendant.                 :
---------------------------------------------------------x

## COMPLAINT

Plaintiff, Jonathan A. Pearson, a United States Marine Corps combat Veteran, by and through his undersigned counsel, hereby files this Complaint and sues Shark Reef Resort, LLC (hereinafter collectively referred to as "Defendant") for injunctive and declaratory relief and attorneys' fees and costs, pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*, and actual, statutory, and nominal damages pursuant to Chapter 121 of the Texas Human Resources Code, Tex. Hum. Res. Code Ann. § 121.001 *et seq.* and alleges as follows:

## INTRODUCTION

1.    Plaintiff Jonathan A. Pearson seeks relief for discrimination on the basis of his disability arising from Defendant's refusal of entry on the basis of his disability and/or failure to provide a reasonable accommodation that was necessary for Mr. Pearson to use a place of public accommodation. Mr. Pearson has Post Traumatic Stress Disorder and uses a service dog to accommodate his disability.

2.    On Sunday May 16, 2021, Defendant, through its employees/agents, denied Mr. Pearson the ability to lodge at its place of public accommodation, located at approximately 314 Cut-Off Road, Port Aransas, Texas, because he possessed a service dog named "Pyro" (the

1

"Service Animal"). By refusing to permit Mr. Pearson to lodge at the place of public accommodation on account of his Service Animal, Defendant violated Mr. Pearson's rights under the Americans with Disabilities and Chapter 121 of the Texas Human Resources Code, and is civilly liable for damages and attorneys' fees/costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343, 42 U.S.C. § 3613(a)(1).

4. Venue is proper in the Southern District of Texas under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in Nueces County, Texas.

5. This Court has jurisdiction over Plaintiff's state law claim as it arises from the same operative facts as Plaintiff's federal claim.

## PARTIES

6. Plaintiff Jonathan Pearson is a person of the full age of majority and a resident of Canyon Lake, Texas.

7. Mr. Pearson is an individual with a disability. Specifically, Mr. Pearson has Post Traumatic Stress Disorder because of his combat experience as a member of the Marine Corps. Mr. Pearson receives medical care for his condition from a licensed Texas physician.

8. Mr. Pearson is assessed as having a combat-related disability and is 100% disabled, per the Department of Veteran Affairs.

9. Mr. Pearson is an individual with disabilities that substantially limit one or more life activities, qualifying him as "disabled" under the Americans with Disabilities Act.

10. Mr. Pearson's Service Animal successfully completed an in-person service dog

training and received a certificate to that effect.

11. Mr. Pearson's Service Animal is individually trained to perform tasks for Mr. Pearson related to manifestations of his disability.

12. Defendant, Shark Reef Resort, LLC, is the owner and operator of 314 Cut-Off Rd, Port Aransas, TX 78373 (hereinafter "Shark Reef Resort").

13. Defendant is a limited liability company that is domiciled and doing business in Texas.

14. Upon information and belief, Shark Reef Resort, LLC was the owner of Shark Reef Resort at all times relevant to this Complaint and remains the owner of Shark Reef Resort at the time of the filing of this Complaint.

15. Upon information and belief, agents and/or employees of Defendant have acted as on-site manager(s) of Shark Reef Resort at all times relevant to this Complaint.

16. Shark Reef Resort is a place of lodging and, thus, is a place of public accommodation under the ADA. Shark Reef Resort is also a "public facility" under Chapter 121 of the Texas Human Resources Code.

## STATEMENT OF FACTS

17. Shark Reef Resort is located at approximately 314 Cut-Off Rd, Port Aransas, TX 78373. Shark Reef Resort is open to the general public. Defendant advertises online that lodging is available.

18. Shark Reef Resort bills itself as "3.5 acres for fun in the sun featuring" a "remodeled pool and hot tub area, brand new children's great jungle-gym playground, basketball court, yard games and picnic area- complete with bar-b-ques and a relaxing pergola…"

19. This action concerns Defendant's refusal to Mr. Pearson to use or enjoy Shark Reef Resort on account of his Service Animal via a blatant act of discrimination.

20. In April of 2021, Mr. Pearson's wife made a reservation for the Shark Reef Resort for Mr. Pearson's birthday.

21. The intent was for Mr. Pearson and his wife to go on a relaxing getaway where they could enjoy the beach, utilize the accommodations and amenities offered at the Shark Reef Resort, and patronize the local restaurants and attractions.

22. When making the reservation, Ms. Pearson emailed Shark Reef Resort to advise that Mr. Pearson had a service dog. Ms. Pearson advised that the animal was a service dog.

23. Specifically, Ms. Pearson advised as follows:

> "this trip is for my husband's Birthday.... He is a 100% Disabled Military Veteran and will be accompanied by his Service Dog. His dog is fully trained by Operation Canine. We do have all of his certifications."

24. The Defendant did not advise that Mr. Pearson having a service dog was an issue.

25. On May 16, 2021, Mr. Pearson, Ms. Pearson, and the Service Animal drove for four (4) hours to get to the Shark Reef Resort.

26. When Mr. Pearson's wife went to check in, she noticed a sign stating no animals over 25 pounds.

27. Defendant's agent/employee asked Ms. Pearson if she had a pet or service dog and how much it weighed.

28. Ms. Pearson politely explained that her husband had a service dog and that it weighed more than 25 pounds. The Defendant's employee/agent responded by stating that Mr. and Ms. Pearson would not be permitted to lodge at the Shark Reef Resort because of the Service Animal.

29. Ms. Pearson explained that the Service Animal was permitted because it was a service dog and that it was illegal to refuse service under the Americans with Disabilities Act.

30. In response, Defendant's employee/agent said "bitch, can you read?" and pointed at the sign.

31. Mr. Pearson responding by telling the Defendant's agent/employee not to speak to his wife using she derogatory language. Defendant's agent/employee responded, "I don't give a fuck, this is private property" and loudly proclaimed that they were going to "call the police."

32. Mr. Pearson attempted to show his documentation for his service dog, but these attempts were rebuffed.

33. Without provocation or necessity, Defendant's employee/agent proceeded to call law enforcement to "report" Mr. Pearson.

34. During the call to law enforcement, Defendant's employee/agent falsely stated that there was a "violent person" on the property that "refused to leave."

35. Mr. Pearson waited for law enforcement to arrive.

36. The police report indicates that the officers thought they were responding to a call involving an individual "being unruly[.]"

37. When law enforcement arrived, they spoke with Mr. Pearson and Defendant's employee/agents.

38. Mr. Pearson was not charged with a crime.

39. The Defendant's employee/agent continued to refuse to provide service to Mr. Pearson.

40. The police report confirms that Mr. Pearson was not violent or "unruly" and, instead, states "male was refused service by motel due to big service animal."

41. Given that Mr. Pearson and his wife had nowhere to sleep after driving four (4) hours, having been illegally ejected by Defendant, the law enforcement officer helped Mr. Pearson find alternative lodging.

42. The only available lodging was a low-quality room at a Best Western. This alternative lodging was in poor condition.

43. The lodging that Mr. Pearson and his wife slept in to celebrate Mr. Pearson's birthday was nothing akin to the accommodations and amenities available at the Shark Reef Resort.

44. Defendant, through its conduct, deprived Mr. Pearson of equal opportunity to obtain lodging and to obtain and enjoy the amenities, accommodations, and features available at said lodging.

45. Mr. and Ms. Pearson's visit to Shark Reef Resort was supposed to be a romantic, relaxing birthday weekend. Defendant's act of intentional discrimination ruined Mr. Pearson's birthday weekend.

46. The conduct and discrimination described above was clearly intentional and was not a result of bureaucratic error.

47. At all times, Mr. Pearson's Service Animal was well behaved, under control, and was house broken.

48. As a result of the conduct described above, Mr. Pearson was unable to reside, utilize, or patronize the Shark Reef Resort and suffered damages in the form of emotional distress, anxiety, humiliation, isolation, invasion of his civil rights, and the social stigma of discrimination.

## CAUSES OF ACTION

<u>First Cause of Action</u>
<u>(Violation of the Americans with Disabilities Act, 42 U.S.C. § 12181)</u>

49. Mr. Pearson re-alleges and incorporates by reference all factual allegations in preceding paragraphs 1 through 48.

46. At all times relevant to this action, the Americans with Disabilities Act, 43 U.S.C. § 12181, *et. seq.* has been in full force and effect and has applied to Defendant's conduct.

56. Defendant owns and operates a public of public accommodation.

57. By failing to permit Mr. Pearson to enter or use its place of public accommodation, Defendant failed to make a reasonable modification.

58. By failing to permit Mr. Pearson to enter or use its place of public accommodation with his Service Animal, Defendant violated the ADA regulations which expressly require that places of public accommodation permit an individual to bring their service animal.

59. By failing to permit Mr. Pearson to enter or use its place of public accommodation with his Service Animal, Defendant failed to provide Mr. Pearson with an equal opportunity to participate to the same degree as non-disabled patrons.

60. By refusing to permit Mr. Pearson to enter or use its place of public accommodation with his service animal, Defendant committed disparate treatment discrimination.

61. Mr. Pearson desires to return to Shark Reef Resort to attempt to use the lodgings there as a vacation resort.

62. Mr. Pearson is interested in using the small cottages and he is interested in the convenient location of Shark Reef Resort.

63. Mr. Pearson is currently deterred from attempting to return to the Shark Reef Resort because he will be subject to the same discrimination he experienced in the past.

64. Defendant's illegal policy and practice of discrimination is currently excluding Mr. Pearson.

65. Mr. Pearson will remain deterred until Defendant's policy/practice is permanently modified by a Court Order.

66. To remedy Defendant's ongoing and continuous discriminatory conduct, Mr. Pearson is entitled to seek and recover injunctive relief.

67. Mr. Pearson has retained the undersigned counsel and is entitled to recover reasonable attorneys' fees, costs, and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205.

## Second Cause of Action
(Chapter 121 of the Texas Human Resources Code, Tex. Hum. Res. Code Ann. § 121.001 *et seq*)

50. Mr. Pearson re-alleges and incorporates by reference all factual allegations in preceding paragraphs 1 through 49.

51. Chapter 121 of the Texas Human Resources Code, Tex. Hum. Res. Code Ann. § 121, specifically provides that prohibited conduct includes denying an individual the ability to use an assistance animal or refusing to allow a with a disability to use or be admitted to any public facility.

52. In the event of a violation of the above statute, an individual with a disability is entitled to bring a civil action there is a conclusive presumption of damages in the amount of at least $300 to the person with a disability.

53. Here, Mr. Pearson is an individual with a disability, he uses a service animal, and Defendant operates a public facility.

8

54. Defendant permitted Mr. Pearson to use or be admitted to its public facility on account of Mr. Pearson's service animal.

55. As such, Defendant has violated Chapter 121 of the Texas Human Resources Code and is civilly liable to Mr. Pearson for damages and injunctive relief. Mr. Pearson prays for statutory damages and/or compensatory damages.

## DAMAGES

56. A result of the conduct described above, Mr. Pearson was unable to reside, utilize, or patronize the Shark Reef Resort and suffered damages in the form of emotional distress, anxiety, humiliation, isolation, invasion of his civil rights, and the social stigma of discrimination.

57. Mr. Pearson anticipated that he would be able to spend time at the Shark Reef Resort with his wife and that the experience would be relaxing. Instead, Mr. Pearson was subjected to exclusion and humiliation on account of his disability and disability-related service animal. Later that evening, due to the stress of the encounter, Mr. Pearson had a seizure.

58. Mr. Pearson prays that he be awarded the maximum compensatory damages to reasonably compensate him for the discrimination he experienced. In the alternative, Mr. Pearson prays that he be awarded for statutory damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Jonathan A. Pearson respectfully requests that this Court enter judgment against the Defendant as follows:

A. Award injunctive and declaratory relief to remedy Defendant's violation of the Americans with Disabilities Act, 43 U.S.C. § 12181, *et. seq*.

B. Award general and/or statutory damages to Mr. Pearson to fully compensate him for

   the injuries and damages caused by Defendant's discriminatory actions and practices, in accordance with Chapter 121 of the Texas Human Resources Code.

C. Award Plaintiff reasonable attorneys' fees, costs, and other litigation expenses incurred in prosecuting this action, in accordance with 42 U.S.C. § 12205.

D. Grant such other and further relief as may be just and proper.

## DEMAND FOR JURY TRIAL

  Plaintiff demands a trial by jury for all issues triable by jury under law.

Date: May 13, 2022

             Respectfully submitted,

             /S/ GARRET S. DEREUS

             **BIZER & DEREUS, LLC**
             GARRET S. DEREUS (Bar No. LA35105)
             3319 St. Claude Ave.
             New Orleans, LA 70117
             T: 504-619-9999; F: 504-948-9996
             Email: gdereus@bizerlaw.com
             *Attorney in Charge*

             ***AND***

             Martin J. Cirkiel
             Attorney State Bar No.: 00783829
             Federal ID No. 21488
             CIRKIEL LAW GROUP, P.C.
             f/k/a Cirkiel & Associates, P.C.
             1901 E. Palm Valley Blvd.
             Round Rock, Texas 78664
             (512) 244-6658 [Telephone]
             (512) 244-6744 [Direct Line]
             (512) 244-6014 [Facsimile]
             marty@cirkielaw.com
             www.cirkielaw.com